IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TROY BLAPPERT, ELIZABETH A. COLGAN, KEVIN COLGAN, LAURIE DAVIS, ISABEL ERMIS, MICHAEL P. GARCIA, SYLVIA GREENWOOD, FREDY GUZMAN, RONDA MARS HOLT, CHAJUANN CHAMBERS LITTLEFIELD, YVETTE MONIQUE LUCERO, STEVE LUCERO, MARY MENDEZ-LOPEZ, MICAH J. OSER, MARGARET OSER, MEREDITH PLY, DOLORES C. ROBINSON, ROGELIO V. ROSAS, KRISTEN STAY, HECTOR SIGALA, SHIRLEY JEAN WOOTEN,  *Plaintiffs*,<br><br>v.<br><br>NIBCO, INC.,  *Defendant*. | SA-22-CV-00487-XR |

## ORDER

On this date, the Court considered Plaintiffs' Motion to Remand (ECF No. 8). After careful consideration, the Court issues the following order.

## BACKGROUND

On April 1, 2022, Plaintiffs initiated this action by filing suit in the 288th Judicial District Court of Bexar County, Texas. ECF No. 1-3. Plaintiffs, all Texas residents, allege that they own residences which are or were equipped with Defendant NIBCO, Inc.'s ("NIBCO") PEX plumbing systems. *Id.* ¶¶ 1–2.[1] However, they claim to have suffered damages due to NIBCO's faulty products and negligent conduct, "including but not limited to property damage, repair costs, diminished home value of their homes, out-of-pocket expenses, inconvenience, *etc.*" *Id.* ¶¶ 11. Plaintiffs assert five causes of action against NIBCO: breach of express warranty, breach of

---

[1] When citing to the parties' filings, the Court refers to paragraph numbers and ECF pagination.

implied warranty of merchantability, breach of implied warranty of fitness for a particular use, violations of the Texas Product Liability Act, and negligence and gross negligence based on the theories of failure to warn and negligent design and manufacture. *Id.* ¶¶ 56–115. In their petition, Plaintiffs allege that they each seek damages under $75,000. *See id.* ¶¶ 8, 11, 118, 121.

On May 17, 2022, NIBCO removed the action to this Court on the basis of diversity jurisdiction. ECF No. 1.

On June 1, 2022, Plaintiffs filed a motion to remand, asserting that NIBCO has failed to establish diversity jurisdiction. ECF No. 8. Defendant filed a response, ECF No. 10, Plaintiffs filed a reply, ECF No. 11, and Defendant filed a surreply, ECF No. 16.

## DISCUSSION

### I. Legal Standard

A defendant may remove any civil action from state court to a district court of the United States which has original jurisdiction. 28 U.S.C. § 1441(a). "The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The notice of removal must set forth a "short plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c).

### II. Analysis

A federal court has subject matter jurisdiction based on diversity jurisdiction where the amount in controversy exceeds $75,000 and the claim is between citizens of different states. 28 U.S.C. § 1332(a)(1). For removal to be proper, complete diversity among the parties must exist. *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citing *Strawbridge v. Curtiss*,

7 U.S. 267 (1806), *overruled in part by Louisville, C. & C.R. Co. v. Letson*, 43 U.S. 497 (1844)). Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968). Here, no party disputes that they are completely diverse from each other. *See* ECF No. 8 at 2–3.

Diversity jurisdiction also requires that the amount in controversy exceed $75,000. NIBCO claims that the amount in controversy in this case exceeds the $75,000 threshold for federal subject matter jurisdiction. *See* ECF No. 1 ¶¶ 42–45. It premises its assertion on calculations derived from a previous lawsuit against NIBCO, as well as affidavits and advertisements from Plaintiffs' counsel, George M. Fleming, in that prior lawsuit.[2] *See id.* Plaintiffs, on the other hand, maintain the amount in controversy is less than $75,000 because they each seek damages under $75,000 for all claims, including exemplary damages and attorney's fees.[3] ECF No. 8 at 2.

Courts generally accept a plaintiff's good faith claim to determine the amount in controversy. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938). Two exceptions to the general "good faith" rule exist: "(i) the plaintiff's operative state-court pleading at the time of removal seeks nonmonetary relief; or (ii) that pleading seeks a money judgment, and the State 'does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded.'" *Durbois v. Deutsche Bank Nat'l. Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr.*, -- F.4th ----, 2022 WL 2168151, at *2 (5th Cir. 2022) (quoting 28 U.S.C. §1446(c)). Indeed, "the mere fact that [plaintiffs] pleaded a demand for specific damages cannot support bad faith." *Id.*, at *5.

---

[2] Plaintiffs were all part of a class action against NIBCO asserting claims for the same allegations underlying this action. *See generally Matson v. NIBCO*, No. 5:19-CV-00717-RBF (W.D. Tex. 2021). Plaintiffs in this case, however, opted out of the settlement in *Matson*. *See* ECF No. 1 ¶ 43 n.4.

[3] There is no indication that Plaintiffs' claims for damages may be aggregated based on a theory of common, undivided interest. *See Rangel v. Leviton Mfg. Co., Inc.*, No. EP–12–CV–04–KC, 2012 WL 884909, at *5 (W.D. Tex. Mar. 14, 2012) (citing *Clay v. Field*, 138 U.S. 464, 479–80 (1891)).

Here, Plaintiffs specifically and repeatedly allege in their petition that they each seek less than $75,000 in total damages. For instance, they allege that the amount in controversy "is less than $75,000, including actual and punitive damages and attorney's fees." ECF No. 1-3 ¶ 8. Under the factual background of their petition, Plaintiffs reassert that "[e]ach Plaintiff's claim is under $75,000[.]" *Id.* ¶ 11. Their allegations under the damages section of their petition again confirm that the "total damage amount of each Plaintiff is under $75,000, including actual damages, punitive damages, and attorney's fees." *Id.* ¶ 118. Paragraph 121 of Plaintiffs' petition also clearly states that "Plaintiffs seek damages available at law or equity, under $75,000 for each Plaintiff:

> *including* (a) actual damages; (b) consequential damages; (c) enforcement of warranties, including replumb and/or replacement of all PEX parts, components, and /or systems found to be defective; (d) exemplary damages; (e) all other damages and relief available at law or equity, including a replumb of their homes and/or replacement of PEX products in the homes if necessary; (f) reasonable and necessary attorneys' fees, expenses, and costs available by law; (g) pre/post judgment interest.

*Id.* ¶ 121 (emphasis added). In their prayer for relief, Plaintiffs reallege that they seek damages, "which will be a sum per Plaintiff within the jurisdictional limits of this Court, under $75,000, including actual and punitive damages, and attorneys' fees." *Id.* at 29.

NIBCO contends that the following sentence in Plaintiffs' petition establishes an amount in controversy greater than $75,000: "Plaintiffs further plead for costs of suit; interest on the judgment; pre-judgment interest; and, other and further relief, in law or in equity." *Id.* The Court disagrees. The consistent allegations described *supra* show that Plaintiffs each seek less than $75,000. NIBCO further counters that "Texas neither permits a 'demand for a specific sum' like attempted by Plaintiffs nor prohibits recovery of more than what was requested in the complaint." ECF No. 10 at 7–8. But that is also incorrect. In Texas, Plaintiffs may demand damages up to but no higher than a stated amount. *Durbois*, 2022 WL 2168151, at *4 (citing TEX. R. CIV. P. 47).

Further, "[i]n Texas, it is the general rule that pleadings in a particular case are to be regarded as judicial admissions, rather than just ordinary admissions." *Wright v. Normandy Terrace Healthcare & Rehab. Ctr.*, No. SA-12-CA-0622-XR, 2012 WL 2979040, at *2 (W.D. Tex. July 9, 2012). "A judicial admission is a 'formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them' and which must have been made 'intentionally as a waiver.'" *Id.* (quoting *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476–77 (5th Cir. 2001)). "A party making a judicial admission is barred from disputing it." *Id.*

In short, it is well established that Plaintiffs "are the masters of their complaint[]" and may "obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013). "If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount[.]" *St. Paul Mercury Indem. Co.*, 303 U.S. at 294.

Thus, the Court regards the clear allegations in Plaintiffs' petition concerning the amount of total damages that they each seek in this action as judicial admissions. In so doing, the Court further finds that these formal concessions undoubtedly establish that amount in controversy in this action is below the requisite $75,000. Consequently, the Court does not have subject matter jurisdiction over this case.[4]

---

[4] NIBCO's reliance on *Puigdomenech v. Wells Fargo*, No. SA-22-CV-00285-XR, 2022 WL 1439038 (W.D. Tex. May 4, 2022), is misplaced. There, the petition at issue was ambiguous as to whether the plaintiff sought less than $75,000 in damages. *Puigdomenech*, 2022 WL 1439038, at *2. No such ambiguity exists here. Plaintiffs clearly allege that they each seek less than $75,000. Further, *Medina v. Allstate Vehicle & Prop. Ins. Co.*, 458 F. Supp. 3d 591 (W.D. Tex. 2020) is also inapposite. In fact, the district court in *Medina* made clear that a plaintiff could bind itself to damages under $75,000 by filing a stipulation or affidavit limiting damages with their petition in state court before removal. *Medina*, 458 F. Supp. 3d at 596. Finally, the Court does not rely on Mr. Fleming's post-removal affidavit and stipulation in reaching its decision. *See* ECF No. 11-1.

## CONCLUSION

Accordingly, Plaintiffs' Motion to Remand (ECF No. 8) is hereby **GRANTED**. The Court **REMANDS** this case to the 288th Judicial District Court of Bexar County, Texas, where this action was originally filed. The Clerk's Office is **DIRECTED** to close this case.

It is so **ORDERED**.

**SIGNED** this July 11, 2022.

                                                XAVIER RODRIGUEZ
                                                UNITED STATES DISTRICT JUDGE